UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FUNDS IN THE AMOUNT OF $37,905,571.53 SEIZED FROM COMPANY A ACCOUNT NUMBER XXXX8688 HELD IN THE NAME OF MING-SHEN CHENG | No. 25 C 2965<br><br>Judge Jorge L. Alonso |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby submits this notice of supplemental authority on the fugitive disentitlement doctrine that supports the government's argument that Ming-Shen Cheng—as a criminal fugitive—is barred from seeking any relief in this matter.

On July 28, 2025, the Second Circuit affirmed the district court's decision dismissing a motion to dismiss an indictment in a criminal case based on the fugitive disentitlement doctrine. *See United States v. Vladimirovich*, --- F.4th ----, 2025 WL 2101184 (2d Cir. July 28, 2025). The defendant, a Russan citizen, was charged with violating the International Emergency Economic Powers Act and making false statements to agents with the Federal Bureau of Investigation. *Id.* at *1. Three days after being questioned by agents, the defendant left the United States, was indicted four months later, and has not returned. *Id.* at **1-2. The defendant filed a motion to

dismiss the indictment, which the district court denied based on the defendant being a fugitive disentitled to relief. *Id.* at *2.

The Second Circuit applied the same totality of the circumstances test that it previously applied. *Vladimirovich*, 2025 WL 2101184, at *6 (citing *United States v. Technodyne LLC*, 753 F.3d 368, 378 (2d Cir. 2014)). The court further detailed several objective factors that guide this analysis: (1) the individual's nationality and domicile; (2) the individual's pattern of travel to the United States; (3) cooperation with the United States government; and (4) legitimate reason for remaining abroad. *Id.* The court recognized that these "factors are not an exhaustive list," and that "a totality of the circumstances approach necessitates a case-by-case analysis." *Id.* at *7. The court held that the totality of the circumstances reflected that the defendant remained abroad to avoid prosecution. *Id.* The court noted that the defendant was a Russian citizen who had no "family, bank accounts, or real estate in the United States." *Id.* But, prior to leaving the United States, the defendant traveled here regularly, and since being indicted, had not returned. *Id.* The court also considered important that the defendant "made no effort to cooperate with the U.S. government" and "offered no reason why she is unable to travel to the United States." *Id.* Last, and importantly to the present case, the court recognized that the civil disentitlement statute—28 U.S.C. § 2466—"extends to individuals who have never been in the United States." *Id.* at *5 n.1.

Here, Cheng used his American brokerage account to effectuate a massive securities fraud scheme against approximately 3,000 American retail investors, and was indicted for that conduct. Instead of appearing in the United States to answer the criminal charges, Cheng remains abroad. Cheng has made no attempt to cooperate with the United States government. Instead, he has engaged in gamesmanship to avoid the pending criminal charges while trying to litigate the civil forfeiture complaint from overseas. Cheng's counsel will not even respond to the simple question about whether he will voluntarily come to the United States. As noted, they claim not to represent Cheng in the criminal matter—even though the civil and criminal matters share the same factual underpinning. The government also asked about Cheng's willingness to cooperate in the larger criminal investigation and received no response. Cheng's gamesmanship should not be countenanced.

Cheng knows that engaging with the U.S. government on the criminal matter weakens his argument that he is not intentionally avoiding the United States to stave off criminal prosecution. *See Technodyne, LLC*, 753 F.3d at 386 ("The district court was easily entitled to view those [requests for bail], evincing the [claimants'] desire to face prosecution only on their own terms, as a hallmark indicator that at least one reason the [claimants] declined to return in the absence of an opportunity for bail was to avoid prosecution."); *United States v. Contents of Account Number 68108021 Held in the Name of Stella Collazos*, 228 F. Supp. 2d 436, 443 (S.D.N.Y. 2002) ("[The claimant] had her attorney contact the United States Attorney's Office while she

remained in Colombia and insist on pre-trial release as a condition of her reentering the country and voluntarily submitting to the court's jurisdiction.").

In sum, Cheng requests extraordinary relief here: Cheng asks this Court to allow a known fugitive to vacate a default judgment in a civil case that arises out of the same conduct as that charged in the criminal case in which he is a fugitive from justice. Cheng has cited no authority where a court granted such relief. Similar to *Vladimirovich*, the government respectfully requests that the Court dismiss this matter and deny Cheng any relief.

Dated: August 7, 2025
Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:  */s/ Jared Hasten*
JARED HASTEN
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300
jared.hasten2@usdoj.gov

4